UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| SCOTT GORDON PAYNE, #650743, ) | |
| ) | |
| Petitioner, ) | Case No. 1:11-cv-325 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| HEIDI WASHINGTON, ) | |
| ) | **MEMORANDUM OPINION** |
| Respondent. ) | |
| _____) | |

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was charged in the Kent County Circuit Court in five separate cases alleging criminal sexual conduct involving different victims. The cases were consolidated for trial in 2007. After a jury trial, he was convicted of various counts of criminal sexual conduct in case no. 06-011875-FC (victim Bryant), case no. 06-012819-FH (victim Carter), case no. 06-011607-FC (victim Kolk), and case no. 06-011944-FC (victim Fettig). Petitioner was acquitted in the fifth case. On direct appeal, however, the Michigan Court of Appeals reversed petitioner's conviction in the Kolk case and the Fettig case on Confrontation Clause grounds, arising from the introduction of laboratory reports unsupported by the testimony of the analyst who performed the DNA tests. *People v. Payne*, 774 N.W.2d 714, 725-28 (Mich. Ct. App. 2009). The appellate court rejected petitioner's other assignments of error and affirmed the convictions in the other two cases, finding that those convictions were not undermined by the Confrontation Clause violations. Petitioner raised the same issues in the state Supreme Court, which denied leave to appeal on May 25, 2010.

Petitioner initiated the instant habeas corpus proceeding on March 30, 2011, raising the same claims rejected in the state Court of Appeals. The Attorney General filed an answer to the petition, supported by the state-court record. Thereafter, petitioner filed a motion to amend the petition. The motion to amend (docket # 49) is 27 pages in length and consists of an utterly confusing concatenation of legal citations, quotes from the trial transcript, quotes from irrelevant cases, and argumentation. On a page of the motion labeled "Statement of Questions" (ID# 241), petitioner asserts that the state Court of Appeals erred in failing to perceive the Confrontation Clause issue in the two cases in which his convictions were affirmed. Petitioner asserts that the introduction of hearsay testimony in violation of the Confrontation Clause in two of the consolidated cases constituted "structural error" that vitiated the judgment in the other two cases. In other words, petitioner asserts that reversal of his conviction in cases 06-011607-FC (Kolk) and 06-011944-FC (Fettig) was insufficient. The other two judgments [06-011875-FC (Bryant) and 06-012819-FH (Carter)] should have been reversed as well, even though the DNA technician who performed the analyses in those cases actually testified and was cross-examined.[1]

Respondent opposes the motion to amend, on the sole ground that petitioner's new claim is unexhausted in the state courts. Upon review of the record, I conclude that petitioner's claim is not unexhausted and that leave to amend should be granted.

---

[1] Respondent's answer to the motion to amend perceives two new issues, not one. Confusion in this regard is completely understandable, as the motion to amend is far from clear in identifying the new habeas claim. In my opinion, petitioner is raising a single claim: the introduction of DNA evidence in violation of the Confrontation Clause in two consolidated cases requires reversal of the judgments in the other two cases.

**Discussion**

Under 28 U.S.C. § 2242, a habeas petition may be amended "as provided in the Rules of Procedure applicable to civil actions." Motions to amend in civil actions are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(c)(2), as applicable to habeas corpus matters, allows a habeas petitioner to amend his petition with "leave of court" at any time during the proceedings. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Leave to amend in a habeas case should be granted in the absence of a good reason to the contrary, such as undue delay in filing, bad faith, or futility. *See Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1988); *Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1000-02 (6th Cir. 2006). In the Sixth Circuit, leave to amend a pleading may be denied on grounds of futility only if the amended pleading would not withstand a motion to dismiss. *See Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (section 2255 motion).

Respondent's answer to the motion asserts that petitioner should be denied leave to amend because he seeks to assert a claim that has not been exhausted in the state courts. Certainly, failure to exhaust a federal claim in the state courts is grounds for denial of habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A). The exhaustion doctrine requires a petitioner to "fairly present" federal claims so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing on a petitioner's constitutional claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In this case, petitioner's Confrontation Clause claim was presented in a *pro se* brief filed in the Michigan Court of Appeals pursuant to so-called Standard 4.[2] Petitioner's *pro se* brief is reproduced

---

[2] In 2004, the state Supreme Court promulgated standards for attorneys representing indigent defendants on appeal. (Admin. Order 2004-6, 471 Mich. cii (2004)). Standard 4 allows defendants to file *pro se* appellate briefs, in addition to the brief submitted by appointed counsel. *See Zimmerman v. Booker*, No. 11-1584, 2013 WL 827695, at * 5 n.1 (6th Cir. Mar. 7, 2013).

in the record at ID#s 275-84. Petitioner's enunciation of his Confrontation Clause claim was extremely broad and unadorned by the citation to any federal legal authority. Petitioner did, however, clearly identify his claim as a violation of his federal constitutional guarantee to confront his accuser. (ID# 281). The challenge was not directed to any particular count of conviction, but asked in general that petitioner's "convictions" be reversed. (ID# 283).

Any ambiguity concerning the specificity with which the Confrontation Clause claim was raised in petitioner's *pro se* appellate brief was dispelled by the published decision of the Michigan Court of Appeals granting relief. That court gave full credence to petitioner's Confrontation Clause claim, finding a violation on the basis of *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), a Supreme Court decision that came down two years after petitioner's trial. In *Melendez-Diaz*, the Court held that a laboratory certificate of analysis falls within the "core class of testimonial statements" to which the Confrontation Clause was aimed. 557 U.S. at 310. On the basis of this Supreme Court decision, the Michigan appellate court held that the laboratory reports admitted in case nos. 06-011607 and 06-011944 violated petitioner's rights under the Confrontation Clause. The Court determined that the introduction of this evidence was outcome-determinative in those two cases, but went on to hold that the convictions in the other two cases were not affected, for two reasons. First, in the other two cases, the laboratory reports were prepared by analysts who did testify at trial, thus obviating any Confrontation Clause problem. 774 N.W.2d at 724 n.6. Secondly, the Court pointed to other corroborating evidence in the other two cases that undermined a finding that the improperly admitted laboratory reports in the other cases were decisive to the outcome. *Id.* at 727. "We perceive no evidentiary or Confrontation Clause error with respect to the

admission of the laboratory reports in Kent County Circuit Court case nos. 06-011875-FC and 06-012819-FH." *Id.* at 727 n.7.

It is well settled that the exhaustion doctrine does not preclude review of a federal claim when the state courts have actually reached the merits of the federal claim. *See Cohen v. Tate*, 779 F.2d 1181, 1185 (6th Cir. 1985); *accord Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011); *Alverson v. Workman*, 595 F.3d 1142, 1153 n.3 (10th Cir. 2010); *Walton v. Caspari*, 916 F.2d 1352, 1356-57 (8th Cir. 1990). In the present case, the state Court of Appeals clearly perceived and ruled on a Confrontation Clause claim and, furthermore, addressed the question whether the Confrontation Clause violation in two cases affected the validity of the judgments in the other two cases. Thus, despite any deficiency in petitioner's *pro se* presentation, the claim that he now wishes to raise was expressly rejected by the state appellate court, thus satisfying the exhaustion requirement.[3]

Petitioner is therefore entitled to raise the claim in this court that the admission of laboratory tests in violation of the Confrontation Clause in two cases vitiated the judgments reached by the jury in two consolidated cases. Contrary to petitioner's argument, however, the introduction of evidence in violation of the Confrontation Clause is not structural error. A structural error, as explained by the Supreme Court, is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). Structural errors fundamentally undermine the reliability and fairness of a trial and therefore require automatic reversal. For this reason, they are not subject to harmless error review. *Id.* The Supreme Court has identified very few errors as structural. *See Johnson v. United States*, 520 U.S. 461, 468-69 (1997). The Sixth Circuit has held that admission of evidence in violation of

---

[3] Petitioner's motion requesting stay and abeyance (docket # 53) will be dismissed as moot.

the Confrontation Clause is not a structural error. *United States v. Graham*, 278 F. App'x 538, 545 n.2 (6th Cir. 2008).

Thus, harmless error review will apply in this case. Under the prevailing harmless error standard, the court must determine whether the Confrontation Clause violations in the *Kolk* and *Fettig* cases had a "substantial and injurious effect or influence" in determining the jury's verdict in the *Bryant* and *Carter* cases. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). The Michigan Court of Appeals answered this question, finding that these errors did not have an outcome-determinative effect on the other two cases. 774 N.W.2d at 727. That decision will be accorded deference as required by AEDPA. *See Miller v. Colson*, 694 F.3d 691, 699-700 (6th Cir. 2012) (state appellate court finding of harmless error entitled to AEDPA deference). That analysis, however, must come after respondent has answered the amended petition and the court has an opportunity to review the entire trial record.

## **Conclusion**

For the foregoing reasons, petitioner's motion to amend the habeas corpus petition will be granted.

Dated: June 10, 2013  /s/ Joseph G. Scoville
United States Magistrate Judge